UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| MARINO GILDEN, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:18-CV-343 |
| PLATINUM HOLDINGS GROUP, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |

## COMPLAINT

Now comes MARINO GILDEN ("Plaintiff"), by and through his attorney, complaining as to the conduct of PLATINUM HOLDINGS GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

**PARTIES**

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Defendant is a third-party debt collector registered as a Limited Liability Company in Nevada. Defendant regularly collects upon consumers located in the state of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Plaintiff recently received a call from Defendant Platinum Holdings Group, LLC regarding a purported debt of $1,800 arising from a payday loan that Plaintiff took out in 2014.

8. During this call, he spoke with one Matthew Mateo, who claimed to be an attorney from A.R.T. Services, a law firm working on behalf of Platinum Holdings Group, LLC.

[ 2 ]

9. No attorney by the name of Matthew Mateo is registered in Ohio, or in California (the location of Defendant's headquarters) or Nevada (the location of Defendant's registration).

10. During the call, Mr. Mateo was verbally abusive of Plaintiff and threatened litigation and garnishment of Plaintiff's wages.

11. Defendant rarely if ever sues on the debts it holds.  On information and belief, at the time of the call Defendant did not intend to initiate litigation against Plaintiff.

12. Mr. Mateo also threatened that if the dispute over the purported debt went to litigation, Plaintiff could be forced to pay an additional $700 in attorneys' fees.

13. This call left Plaintiff confused, distressed, and fearful of imminent litigation that could cost him up to $2,500 based on a debt he believed worth far less, if anything.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff repeats and realleges the paragraphs above as though full set forth herein.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  In the alternative, Defendant

[ 3 ]

is a "debt collector" under § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

18.     The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a payday loan used for personal purposes.

       a.  **Violations of FDCPA § 1692e(3).**

19.     The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20.     Specifically, § 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."

21.     On information and belief, Defendant's agent Matthew Matteo is not an attorney, and Defendant therefore violated § 1692e(3) when its agent falsely represented that he was an attorney working on behalf of Defendant.

       b.  **Violations of FDCPA § 1692e(5).**

22.     The FDCPA, pursuant to 15 U.S.C. § 1692e(5), prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

[ 4 ]

23.     A debt collector's threat to bring a lawsuit that it does not intend to bring violates § 1692e(5). *See Baker v. G.C. Services Corp.*, 677 F.2d 775, 778–79 (9th Cir. 1982).

24.     A threat to tack on attorneys' fees, made in a jurisdiction that follows the American Rule, violates § 1692e(5). *See Gionis v. Javitch, Block & Rathbone, LLP*, 238 F.App'x 24, 27–28 (6th Cir. 2007).

25.     Ohio law prohibits creditors from recovering attorney's fees in connection with the collection of a debt that was smaller than $100,000 at the time it was incurred. *See* R.C. § 1301.02.

26.     Defendant violated § 1692e(5) when its agent threatened litigation it did not intend to bring, and when it stated that Plaintiff could be forced to pay Defendant's attorneys' fees in addition to the value of the purported debt.

### COUNT II – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT

27.     Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

28.     The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

29.     Plaintiff is a "person" as defined by R.C. 1345.01(B).

30.     Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

31.     Debt collection is a "consumer transaction" as defined by R.C. § 1345.01(A).

32. R.C. § 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees.

### a. Violations of the Fair Debt Collection Practices Act.

33. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. § 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth in the previous count.

34. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. § 1345.01 *et seq.* *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

35. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. § 1345.05(A)(3).

### b. Violations of R.C. §§ 1345.02(A) and 1345.03(A).

36. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. § 1345.02(A) and § 1345.03(A), by engaging in or using unfair means to collect a debt.

37. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. § 1345.02(A) and § 1345.03(A), by threatening to take a legal action that it could not take and by representing Mr. Mateo was an attorney.

38. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. § 1345.01 *et seq.* Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

    **a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    **b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **c.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **e.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

    **f.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

    **g.** Awarding Plaintiff the costs of this action; and

    **h.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  May 21, 2018

                                                By:  s/ Jonathan Hilton

                                                Jonathan Hilton (0095742)
                                                HILTON PARKER LLC
                                                10400 Blacklick-Eastern Rd NW, Suite 110
                                                Pickerington, OH 43147
                                                Tel: (614) 992-2277
                                                Fax: (614) 427-5557
                                                jhilton@hiltonparker.com