# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MARINO GILDEN, | : | Case No. 1:18-cv-343 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| PLATINUM HOLDINGS GROUP, LLC, | : | |
| Defendant. | : | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 13)

This case is before the Court on the motion of Plaintiff Marino Gilden for a default judgment. (Doc. 13). Defendant did not respond.

### I. BACKGROUND

Plaintiff Marino Gilden filed this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio. Rev. Code Ann. § 1345.01 *et seq.*

Plaintiff, a consumer under the FDCPA, received a call from Defendant Platinum Holdings Group, LLC, a debt collector under the FDCPA, regarding a purported debt of $1,800 arising from a payday loan that Plaintiff took out in 2014. (*Id.* at ¶¶ 7, 15, 16). During that call, Plaintiff spoke with an individual named Matthew Mateo, who claimed to be an attorney working for a law firm on behalf of Defendant. (*Id.* at ¶ 8). Plaintiff alleges that Mr. Mateo is not in fact an attorney. (*Id.* at ¶¶ 9, 21). Plaintiff alleges that Mr. Mateo was verbally abusive and threatened litigation and wage garnishment against

Plaintiff. (*Id.* at ¶ 10). Plaintiff claims that Mr. Mateo also threatened him that if the dispute over the debt went to litigation, Plaintiff would be responsible for an additional $700 in attorneys' fees. (*Id.* at ¶ 12).

Plaintiff contends that Defendant violated: (1) the FDCPA by falsely representing that any individual is an attorney or that a communication was from an attorney (*Id.* at ¶¶ 19–21); (2) the FCDPA by threatening to take an action that cannot legally be taken or is not intended to be taken, such as file a lawsuit or threaten to tack on attorneys' fees in a jurisdiction that follows the American Rule (*Id.* at ¶¶ 22–26); (3) the OCSPA by committing an unfair or deceptive actions by engaging in acts in violation of the FDCPA (*Id.* at ¶¶ 33–35); and (4) the OCSPA by committing unfair, deceptive, and unconscionable acts by engaging in unfair means to collect debt. (*Id.* at ¶¶ 36–38). Plaintiff seeks statutory damages, actual damages, costs, and attorney fees.

Plaintiff filed its Complaint on May 21, 2018. (Doc. 1). Defendant was served with a copy of the summons and Complaint on June 19, 2018. (Doc. 10). Pursuant to Federal Rule of Civil Procedure 12(a), Defendant was required to file and serve his answer no later than July 10, 2018. To date, no responsive pleading has been filed or served. On July 12, 2018, the Clerk properly entered a default. Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 13).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's

2

application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### III.  ANALYSIS

Plaintiff moves for default judgment and an award of damages pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the OCSPA, O.R.C. § 1345, *et seq*. Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Upon review of the record, the undersigned finds that default judgment is warranted in this case. Defendant's failure to respond to the Complaint, application for entry of default, or motion for default judgment has made it clear Defendant has no intention of defending this action. Based on the allegations in the Complaint, which the

Court accepts as true, and the averments in affidavits submitted in support of default judgment, the Court finds that Defendant violated 15 U.S.C. §§ 1692e and O.R.C. § 1345. With liability established, the Court must determine the extent of damages.

To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Here, Plaintiff seeks $1,000 in statutory damages under the FDCPA, $600 in statutory damages under the OCSPA, $6,432 in attorney fees under the FDCPA, a 20% enhancement of attorney fees pursuant to the CSPA equaling another $1,286.40, $110 in expenses, and $400 in costs.

**A. Statutory Damages under FDCPA**

With regard to damages under the FDCPA, 15 U.S.C. § 1692k provides that:

> [A]ny debt collector who fails to comply with any provision of ... [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of—
>
> > (1) any actual damage sustained by such person as a result of such failure;

> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; ... and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

The Court first addresses the award of statutory damages. Plaintiff seeks statutory damages in the amount of $1,000. He also claims actual damages in the amount of $5,000 (Doc. 13 at 12), but does not provide any evidentiary support for that claim. However, "[t]he FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-CV-308, 2013 WL 693168, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994).

In awarding statutory damages under § 1692k(a)(2)(A), "the court shall consider . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."

Here, accepting the factual pleadings as true, Defendant made only one call to Plaintiff. However, during that one call Defendant intentionally violated several provisions of the FDCPA. In a similar case, the Southern District of Ohio found that where a defendant made only one call, but intentionally violated several provisions of the FDCPA on that call, the maximum statutory award under the FDCPA was not warranted. *Brown v. Halsted Financial Services, LLC*, 2013 WL 693168, at *1–2 (S.D. Ohio Feb.

26, 2013). In that case, the Court awarded plaintiff $500 in statutory damages, not the maximum $1,000. *Id.* at *2. The Court agrees with the approach taken in *Brown*, and finds that Plaintiff should be awarded $500 in FDCPA statutory damages.

### B. Statutory Damages under OCSPA

The OCSPA provides in relevant part that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act violates this section whether it occurs before, during, or after the transaction." O.R.C. § 1345.02. Statutory damages under the OSCPA are set at $200 per violation. Yet, each violation must cause a "separate and distinct harm" to merit its own $200. *Charvat v. NMP, LLC*, 656 F.3d 440, 452 (6th Cir. 2011). In *Charvat*, the Sixth Circuit found that Defendant's (1) failure to maintain a do-not-call list in accordance with the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227; (2) failure to honor Plaintiff's request to be placed on the do-not-call list; and (3) deception regarding the purpose of a call to the plaintiff constituted three distinct harms under the OSCPA warranting $200 for each violation.

Plaintiff seeks $600 for three distinct violations of the OSCPA: (1) Defendant's agent representing himself as a licensed attorney when he was not; (2) falsely threatening Plaintiff that he would be forced to pay attorneys' fees upon litigation; and (3) threatening to bring a lawsuit when Defendant had no intention of filing a lawsuit. (Doc. 13 at 15–16). Plaintiff alleges that each of these violations caused a separate and distinct harm.

6

The Court, guided by *Charvat* and absent any argument otherwise, agrees with Plaintiff. Accordingly, Plaintiff is awarded $600 in OSCPA statutory damages.

### C. Attorney's Fee and Costs

Plaintiff also seeks an award of attorneys' fees. The FDCPA mandates the award of a "reasonable attorney's fee" and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas,* 109 F.3d 302, 307 (6th Cir. 1997). District courts use the lodestar method to determine an award of reasonable attorneys' fees. The lodestar amount is "calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008).

#### 1. Reasonable Hourly Rate

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring,* 36 F.3d 517, 531–32 (6th Cir. 1994), *cert. denied,* 514 U.S. 1127 (1995). "A reasonable fee is one that is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004). To determine a reasonable hourly rate, a useful guideline is the prevailing market rate in the relevant community, defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command." *Id.* at 447 (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)).

Plaintiff has submitted the declaration of Jonathan Hilton, attorney for Plaintiff, in support of his claim for attorneys' fees. (Doc. 13-1). Plaintiff seeks $275 per hour for lawyers and $125 for work performed by a summer associate.

Mr. Hilton's declaration states that until recently, his firm's rate for FDCPA cases was $250 per hour, but the rate is now $275 per hour. (*Id.* at ¶ 24). The declaration does not establish what his firm's hourly rate was when it performed work on this case, so the Court cannot easily ascertain whether the reasonable rate for the work here should be $250 or $275 per hour. In *Dowling*, the Sixth Circuit upheld a district court's determination that a $300 per hour rate for a FDCPA case was reasonable. *Dowling*, 320 F. App'x at 447. However, in that case, the attorney billing $300 per hour had 30 years of experience. The Southern District of Ohio has recently found $275 per hour in an FDCPA case to be reasonable where the attorney had over 40 years of experience in consumer law. *Whaley v. Asset Mgmt. Servs. Grp., LLC*, 2016 WL 6134169, at *3 (S.D. Ohio Oct. 21, 2015). Here, however, the attorneys have practiced less than three years.

In *Brown*, the Court determined that $250 per hour was a reasonable rate for attorney's fees in an FDCPA case. *Brown*, 2013 WL 693168, at *2. Again, the Court agrees with that decision. In light of the experience of the attorneys on this case, the declaration's vagueness regarding the hourly rate of the attorneys at the time of this case, and Southern District of Ohio precedence, the Court finds that a rate of $250 per hour, not $275 per hour, is a reasonable hourly rate.

Additionally, Plaintiff seeks $125 for the hours billed by a summer associate on this case. However, Mr. Hilton's declaration makes clear that the work of the summer associate was only billed at $100 per hour when she performed the work on this case. (Doc. 13-1 at ¶ 35). Therefore, the Court finds that $100 per hour is a reasonable rate for the work performed by the summer associate.

### 2. Reasonable Number of Hours

In determining whether the number of hours expended on a case is reasonable, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). "The documentation offered in support of the hours charged must be of sufficient detail to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of such litigation." *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D. Ohio 2010), aff'd in part, rev'd in part, 499 F. App'x 538 (6th Cir. 2012) (citing *United Slate Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502, n. 2 (6th Cir.1984).

Counsel has submitted a timesheet of the hours billed in this case. (Doc. 13–11). The attorneys billed 19.18 total hours on this case and the summer associate billed 9.26. While this is high for an FDCPA case, Plaintiff contends that counsel spent only approximately three hours conducting fact investigation and drafting of the complaint. In *Whaley*, the court found that 8.2 hours conducting fact investigation and drafting

9

pleadings was reasonable. *Whaley*, 2016 WL 6134169, at *3. Plaintiff notes that the other hours were attributable to Defendant's refusal to answer this suit and Plaintiff's attempt to settle the action. Other district courts have found 19.1 hours of attorney time to be reasonable in an FDCPA default judgment case. *Molina v. Creditors Specialty Serv.*, 2010 WL 235042, at * 3 (E.D. Cal. Jan. 20, 2010). Accordingly, the Court finds that the number of hours expended on this case by counsel was reasonable.

### 3. Enhancement of Attorney's Fee Pursuant to OCSPA

The OCSPA also allows a court to award a prevailing party a reasonable attorney's fee limited to the work reasonably performed. O.R.C. § 1345.09(F). Under the OSCPA, courts have awarded an "enhancement" or "multiplier" of attorney fees. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464, 467 (Ohio 1991)). A court may select a multiplier figure based on the following factors:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.

> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

*Id.* at 382 n.8.

Plaintiff contends that a 20% multiplier is appropriate due to the amounts involved and the fact that Plaintiff's counsel was working on a contingency fee. The Court is unpersuaded that a multiplier is appropriate in this case. Plaintiff has pointed to no precedent where a similar multiplier was applied in a similar case. A district court in the Southern District of Ohio has determined that a 10% fee enhancement was permissible under the OCSPA in large part due to the large amount of damages awarded. *Lee v. Javitch, Block & Rathbone, LLP*, 568 F.Supp.2d 870, 880–83 (S.D. Ohio 2008) (noting that the jury's verdict of $49,603 in statutory and actual damages far exceeded reasonable expectations). Here, the Court has found that Plaintiff should be awarded only $1,100 in statutory damages. Accordingly, the Court finds that a fee enhancement is inappropriate in this case.

### 4. Costs

Finally, Plaintiff seeks $110 in expenses and $400 in costs. (Doc. 13-11). The FDCPA authorizes an award of costs. § 1692k(a)(3). The Court finds that $510 in expenses and costs is reasonable and compensable pursuant to the FDCPA.

## IV. CONCLUSION

For these reasons, Plaintiff's motion for default judgment (Doc. 13) is **GRANTED in part and DENIED in part**. Accordingly:

1. Plaintiff is granted default judgment.

2. Plaintiff is awarded $7,331, representing $500 in statutory damages under the FDCPA; $600 in statutory damages under the OSCPA; $510 in expenses and costs; and $5,721 in attorneys' fees.

3. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

   **IT IS SO ORDERED.**

Date:     2/13/19                                             *s/ Timothy S. Black*
                                                              Timothy S. Black
                                                              United States District Judge