UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARINO GILDEN, | : | Case No. 1:18-cv-343 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| PLATINUM HOLDINGS GROUP, LLC, | : | |
| | | |
| Defendant. | | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY (Doc. 17)**

This civil action is before the Court upon Plaintiff's motion to compel post-judgment discovery. (Doc. 17).

## I. FACTUAL BACKGROUND

By order dated February 13, 2019, the Court awarded Plaintiff a default judgment in the amount of $7,331, representing $500 in statutory damages under the FDCPA; $600 in statutory damages under the OSCPA; $510 in expenses and costs; and $5,721 in attorneys' fees. The Clerk then entered a judgment.

According to Plaintiff, Defendant has paid $6,000.00 on the judgment. (Doc. 16-1). Defendant, per Plaintiff, said it would file for bankruptcy. (*Id.*). Plaintiff served discovery requests on Defendant. Defendant has not responded. (*Id.*). Plaintiff now asks this Court to compel Defendant to respond to post-judgment discovery under Rule 69(a)(2) of the Federal Rules of Civil Procedure. Defendant has not responded to the

motion, nor has Defendant's bankruptcy counsel responded to Plaintiff's inquiries. (*See* Doc. 16-1).

## II. STANDARD OF REVIEW

Federal Rule 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules] . . . ." *See also United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007).

Under the Federal Rules, a party must respond to a discovery request within 30-days after its date of service. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2). If a party fails to respond to an appropriate discovery request, the Court may issue an Order compelling a fulsome response. *See* Fed. R. Civ. P. 37(a)(3); *see, e.g., United States v. Thomas*, No. 4:04-CV-49, 2017 WL 571506, at *2 (E.D. Tenn. Feb. 13, 2017).

A district court enjoys broad discretion in managing discovery, and, as a result, a district court's decision to grant or deny a motion to compel is reviewed for an abuse of discretion. *See Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).

## III. ANALYSIS

Here, there is no question that Plaintiff served Defendant with its post-judgement discovery requests on April 22, 2019. (Doc. 16-2 at PageID# 134). Nor is there any question that Defendant failed to respond to these post-judgment discovery requests within 30 days as required. (Doc. 16-1 at ¶6); Fed. R. Civ. P. 34(b)(2). Accordingly, the Court has the discretion to issue an Order, compelling the Defendant to provide

responses. *See* Fed. R. Civ. P. 37(a)(3). On review, the Court concludes that such an exercise of discretion is appropriate for at least two reasons.

First, Plaintiff's requests, which seek information regarding the existence and whereabouts of Defendant's assets, constitute exactly the type of discovery requests permissible under Federal Rule 69(a)(2). (Doc. 12-2 at 2–4*); see, e.g., Aetna Grp. USA, Inc. v. AIDCO Int'l, Inc.*, No. 1:11-MC-23, 2011 WL 2295137, at *2 (S.D. Ohio June 8, 2011) (stating that it is appropriate for the judgment creditor to "obtain information [regarding] the existence or transfer of the judgment debtor's assets" in the context of post-judgment discovery requests (quotation marks and citation omitted)).

Second, as Defendant has failed to object to Plaintiff's requests, Defendant has waived its right to dispute the propriety of the discovery sought. (Doc. 16-1 at ¶6); *see, e.g., Badri v. Huron Hosp.*, No. 1:08-CV-1913, 2009 WL 10689495, at *2 (N.D. Ohio Oct. 27, 2009) (stating that "a party which fails to object to a discovery request waives any objections it might otherwise might have made" (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992))).

## IV.  CONCLUSION

Accordingly, the Court concludes that Plaintiff's Motion to Compel (Doc. 16) should be and is hereby **GRANTED**. Thus, <u>Defendant **SHALL** respond to the post-judgment discovery requests (Doc. 16-2)</u> **within 30 days of the date of this Order**.

The Court **DIRECTS** the Clerk to serve a copy of this Order on Defendant via certified mail.

**IT IS SO ORDERED.**

Date:   3/10/2022                                                                  *s/Timothy S. Black*
                                                                                                    Timothy S. Black
                                                                                                    United States District Judge